

U.S. Department of Justice

Channing D. Phillips
Acting United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

March 24, 2021

| | |
|---|---|
| David Fischer<br>Counsel for Thomas Caldwell<br>fischerandputzi@hotmail.com | Stephen Brennwald<br>Counsel for Bennie Parker<br>SFBrennwald_cs.com |
| Michelle Peterson<br>Counsel for Jessica Watkins<br>Shelli_Peterson@fd.org | Robert Foley and Desiree Wilson<br>Counsel for Graydon Young<br>dwilson@robertfoleylaw.com>;<br>Bob@robertfoleylaw.com |
| Carmen Hernandez<br>Counsel for Donovan Crowl<br>chernan7_aol.com | Peter Cooper<br>Counsel for Laura Steele<br>pcooper_petercooperlaw.com |
| Joh Machado<br>Counsel for Sandra Parker<br>johnlmachado_gmail.com | David A. Wilson<br>Counsel for Kelly and Connie Meggs<br>david@dwilsonlaw.com |

  Re: *United States v. Thomas Caldwell, et al.*
     Case No. 21-cr-028 (APM)

Dear Counsel:

  This letter is intended to memorialize discovery previously provided in this matter:

  On February 12, 2021, we uploaded an initial discovery production to the U.S. Attorney's Office file sharing program, USAfx. This folder contained, generally, (1) law enforcement reports related to the arrests of Thomas Caldwell, Jessica Watkins, and Donovan Crowl; (2) the results of searches of the residences, electronic devices, and

Facebook accounts of Defendants Caldwell, Watkins, and Crowl;[1] (3) legal process related to these searches; (4) recorded statements of Defendants Cadlwell, Watkins, and Crowl to law enforcement; and (6) some public photos and videos relevant to the offenses charged in the indictment.

On March 4, this discovery folder was supplemented to add (1) law enforcement reports related to the arrests of Sandra and Bennie Parker; (2) recorded statements of Defendants Sandra and Bennie Parker to law enforcement; and (3) additional messages found on Defendant Caldwell's phone.

On March 10, 2021, the discovery folder was updated to add: (1) a transcription of a Signal chat entitled, "DC OP: Jan 6 21;" (2) a log for the Zello channel "Stop the Steal J6;" (3) law enforcement reports related to the arrests of Defendants Kelly and Connie Meggs; (4) transcripts of the custodial interviews of Defendants Kelly and Connie Meggs; (5) hotel and banking records related to Defendants Kelly Meggs, Connie Meggs, and Young; (6) certain emails relevant to Defendants Young and Steele; and (7) Facebook records for Defendants Kelly Meggs and Young.

On March 11, 2021, the discovery folder was supplemented to add: (1) a law enforcement report related to the arrest of Defendant Young; and (2) a D.C. Metropolitan Police Department report related to an investigative stop of Defendants Crowl, Watkins, Sandra Parker, and Bennie Parker on January 6, 2021, at around 4:45 p.m.

On March 16, 2021, the discovery folder was updated to add: (1) law enforcement reports related to the arrest of Defendant Steele; and (2) the recorded statement of Defendant Steele.

On March 23, 2021, we added a Facebook search warrant return for Defendant Steele's account to the discovery folder.

On March 24, 2021, we added to the discovery folder: (1) subpoena returns from "Go To Meeting," and (2) some additional public source videos collected during this investigation.

As counsel for the defendants entered their appearances in the above-captioned matter, we granted them access to the USAfx folder containing the initial discovery materials summarized above. An index of the discovery provided to date is enclosed as Exhibit 2.

Due to the extraordinary nature of the January 6, 2021 Capitol Attack, the government anticipates that a large volume of materials may contain information relevant to this prosecution. These materials may include, but are not limited to, surveillance video, statements of similarly

---

[1] Mr. Crowl's residence was not searched; however, we did provide information about a protective vest that was recovered from a location at which Mr. Crowl stayed after January 6, 2021, and Mr. Crowl's cell phone and Facebook account were both searched, and the results of those searches were provided via the discovery folder.

2

situated defendants, forensic searches of electronic devices and social media accounts of similarly situated defendants, and citizen tips. The government is working to develop a system that will facilitate access to these materials. In the meantime, please let us know if there are any categories of information that you believe are particularly relevant to your client. Furthermore, additional materials will be provided after the entry of a Protective Order in this case.

We recognize the government's discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and Rule 16. To that end, we made disclosures to you on the following dates:

1. On February 22, 2021, the government sent the e-mail attached as Exhibit 3 to counsel for Defendant Watkins, in advance of a hearing regarding Defendant Watkins' motion for review of her detention order.

2. On March 12, 2021, the government sent the e-mail attached as Exhibit 4 to all of the above-listed counsel.

3. On March 23, 2021, the government sent the e-mail attached as Exhibit 5 to counsel for Defendant Watkins.

We will continue to provide timely disclosure if any such additional material comes to light. Consistent with *Giglio*, *Ruiz*, and 18 U.S.C. § 3500, we will provide information about government witnesses prior to trial and in compliance with the court's trial management order.

We request reciprocal discovery to the fullest extent provided by Rule 16 of the Federal Rules of Criminal Procedure, including results or reports of any physical or mental examinations, or scientific tests or experiments, and any expert witness summaries. We also request that defendants disclose prior statements of any witnesses whom the defendants intend to call to testify at any hearing or trial. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 255 (1975). We request that such material be provided on the same basis upon which the government will provide defendants with materials relating to government witnesses.

Additionally, pursuant to Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3, we request that defendants provide the government with the appropriate written notice if defendants plan to use one of the defenses referenced in those rules. Please provide any notice within the time period required by the Rules or allowed by the Court for the filing of any pretrial motions.

      We will forward additional discovery as it becomes available. If you have any questions, please feel free to contact us.

                Sincerely,

                CHANNING D. PHILLIPS
                Acting United States Attorney

By:

                Kathryn L. Rakoczy
                D.C. Bar No. 994559
                Ahmed M. Baset
                Troy A. Edwards, Jr.
                Louis A. Manzo
                Jeffrey S. Nestler
                Assistant United States Attorneys

                */s/ Alexandra Hughes*
                Alexandra Hughes
                Justin Sher
                Trial Attorneys
                National Security Division
                United States Department of Justice
                950 Pennsylvania Avenue, N.W.
                Washington, D.C. 20004

Enclosures