UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-cr-28 (APM) |
| : | |
| KENNETH HARRELSON : | |
| : | |
| Defendant. : | |
| : | |

**UNOPPOSED MOTION FOR 60-DAY EXTENSION OF TIME
TO FILE PRE-TRIAL MOTIONS**

Kenneth Harrelson, by counsel, pursuant to Fed. R. Crim. P. 12(c)(2), respectfully requests this Court grant a 60-day extension of the deadline for filing pretrial motions based on the following:

1.  During the June 1, 2021 status conference, the government requested a 60-day continuance of the case in *United States v. Caldwell*, et al, No. 1:21-cr-00028, and requested this Court exclude the time under the Speedy Trial Act.  Several of the defendants objected to the government's motion.  This Court set a July 1, 2021, deadline for pretrial motions that are not related to discovery to be filed by the defendants in this case.

2.  Mr. Harrelson appeared separately for a status conference from the Northern Neck Regional Jail via videoconference on June 3, 2021.  The Court set the same July 1, 2021 deadline for filing pretrial motions that are not related to discovery.  Mr. Harrelson did not object to the government's motion for a 60-day continuance.

3.  Mr. Harrelson was indicted in the Second Superseding Indictment on March 12, 2021.

4.  Since that date, counsel has been provided with voluminous discovery related to Mr. Harrelson and his co-defendants, including video and body-worn camera footage from law

1

enforcement agencies; the results of searches of multiple electronic devices; the results from searches of multiple social media platforms; thousands of law enforcement reports and attachments. The government has also provided counsel with a hard drive containing a terabyte of information of discovery relating solely to cell phone communications.

5. The government has variously represented that the investigation and prosecution of the Capitol breach will likely be one of the largest in American history, both in terms of the number of defendants prosecuted and the nature and volume of the evidence. As of June 22, 2021, 532 individuals have been charged in connection with the events of January 6th. The government has represented that the investigation continues and the government expects additional individuals and counts will be charged. While most of the cases have been brought against individual defendants, the government is also investigating conspiratorial activity that occurred prior to and on January 6, 2021. The spectrum of crimes charged and under investigation in connection with the Capitol breach includes (but is not limited to) trespass, engaging in disruptive or violent conduct in the Capitol or on Capitol grounds, destruction of government property, theft of government property, assaults on federal and local police officers, firearms offenses, civil disorder, obstruction of an official proceeding, possession and use of destructive devices, and conspiracy.

6. Defendants who are charged and under investigation come from throughout the United States. A combined total of over 900 search warrants have been executed in almost all fifty states and the District of Columbia. Multiple law enforcement agencies were involved in the response to the Capitol Attack, which included officers and agents from U.S. Capitol Police, the District of Columbia Metropolitan Police Department, the Federal Bureau of Investigation, the Department of Homeland Security, the Bureau of Alcohol, Tobacco, Firearms and

Explosives, the United States Secret Service, the United States Park Police, the Virginia State Police, the Arlington County Police Department, the Prince William County Police Department, the Maryland State Police, the Montgomery County Police Department, the Prince George's County Police Department, and the New Jersey State Police.  Documents and evidence accumulated in the Capitol Attack investigation thus far include: (a) more than 15,000 hours of surveillance and body-worn camera footage from multiple law enforcement agencies; (b) approximately 1,600 electronic devices; (c) the results of hundreds of searches of electronic communication providers; (d) over 210,000 tips, of which a substantial portion include video, photo and social media; and (e) over 80,000 reports and 93,000 attachments related to law enforcement interviews of suspects and witnesses and other investigative steps.  As the Capitol Attack investigation is still on-going, the number of defendants charged and the volume of potentially discoverable materials will only continue to grow.  In short, even in cases involving a single defendant, the volume of discoverable materials is significant.

7. Hundreds of the video and audios provided by the government in discovery must be downloaded one at a time before they may be reviewed, in the format they have been provided. Consequently, the download process of the videos alone has been very time-consuming. The download, organization and review of remaining discovery has also required many hours due to its volume and number of co-defendants being added to the indictment. Because Mr. Harrelson is charged in a conspiracy, undersigned counsel must review and investigate the evidence relating to all co-defendants in the indictment to render him effective assistance of counsel.

8. Undersigned counsel has had an opportunity to receive a discovery tour of the Capitol Building but was prohibited from entering certain areas and from photographing and

measuring so-called "private" areas where the defendants are alleged to have enter. Based on the charges and specific evidence alleged by the government, and the legal defenses available to Mr. Harrelson, the discovery tour made available to counsel does not satisfy the requirements of Fed. R. Crim. P. 16(a)(1)(E).

9. Counsel respectfully requests that this Court extend the time for undersigned counsel to file pre-trial motions for a period of 60 days from the already scheduled June 1, 2021 due date. Such an extension will allow counsel the opportunity to engage in a more thorough review of the discovery provided by the government and prepare to effectively defend what the government acknowledges is one of the largest and most significant prosecutions in American history. An extension of 60 days is also necessary to permit counsel to file any necessary and Constitutionally effective pre-trial motions on Mr. Harrelson's behalf.

10. Assistant United States Attorneys Jeffrey Nestler and Kathryn Rakoczy do not oppose this motion.

11. Mr. Harrelson, with whom counsel has discussed this motion, agrees to waive any speedy trial issues relating to the extension of time requested in this motion.

## MEMORANDUM OF LAW

Fed. R. Crim. P. 12(c)(1) states that this Court may "set a deadline for the parties to make pretrial motions." Fed. R. Crim. P. 12(c)(2) provides that "[a]t any time before trial, the court may extend or reset the deadline for pretrial motions." Both the United States Supreme Court and this Circuit have recognized that district courts have great discretion in ruling on motions to continue. See *Morris v. Slappy,* 461 U.S. 1, 11, 103 S.Ct. 1610, 1616 (1983); *United States v. Poston,* 902 F.2d 90, 96 (D.C. 1990).

Under the circumstances set forth in this motion, counsel's request for a 60-day extension of time to file pre-trial motions is reasonable and will not cause unnecessary delay to the disposition of this case. First, it will enable undersigned counsel to engage in the review of discovery in order to file effective pre-trial motions. Additionally, a 60-day extension will likely result in the more expeditious resolution of these pre-trial motions by this Court, as undersigned counsel anticipates that there will be many identical issues which all co-defendants will litigate.

**WHEREFORE**, based on the forgoing, counsel for Kenneth Harrelson respectfully requests that this Court grant a 60-day extension of the deadline for filing pretrial motions from the current July 1, 2021 filing deadline.

Respectfully submitted,

KENNETH HARRELSON
By Counsel

/s/
Nina J. Ginsberg, Esquire
DC Bar No. 251496
*DiMuroGinsberg, PC*
1101 King Street, Suite 610
Alexandria, VA 22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
Email Address: nginsberg@dimuro.com

/s/
Jeffrey Zimmerman, Esquire
DC Bar No. 456162
*Jeffrey Zimmerman, PLLC*
108 N. Alfred Street
Alexandria, VA 22314
Telephone: (703) 548-8911
Facsimile: (703) 548-8935
Email Address: www.zimpacer.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 1st day of July, 2021, a true and accurate copy of the foregoing was electronically filed and served via the Court's CM/ECF system to all counsel of record.

              /s/
              NINA J. GINSBERG