UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-cr-28-10 (APM) |
| v. : | |
| : | |
| KENNETH HARRELSON, : | |
| : | |
| Defendant. : | |

**RESPONSE TO APPLICATION FOR ACCESS TO VIDEO EXHIBITS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby responds to the petitioners' application to access video exhibits submitted to the Court in the above-captioned case (ECF 296). Petitioners represent news organizations, which have moved this Court to disclose video evidence provided to the Court in connection with the pretrial detention hearing for the defendant in this case, pursuant to the procedure outlined by this Court in Standing Order 21-28 (BAH) in *In re Press Coalition's Motion for Access to Video Exhibits and to Set Aside Standing Order No. 21-28*. The government is in agreement that the videos submitted to this Court can be released in accordance with the procedure outlined by this Court. *See* Standing Order 21-28, at 5-6.

The D.C. Circuit has consistently employed the six-factor "Hubbard test" [1] when determining whether the common-law right of access to judicial records requires those records to

---

[1] The *Hubbard* test balances the following factors: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Leopold v. v. United States*, 964 F.3d 1121, 1131 (D.C. Cir. 2020) (quoting *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017)).

be made available to the public for copying and inspection. Applied in the general context of video exhibits admitted into evidence in court hearings involving defendants charged with criminal offenses related to the January 6, 2021 breach of the U.S. Capitol, and absent order of the court, that test generally weighs in favor of allowing public access to these exhibits.

The petitioners' filing seeks three video exhibits the government provided to the Court on April 12, 2021, as exhibits to the government's opposition to the defendant's motion for bond (ECF 152). The Court presided over the detention hearing held in this matter in the District of Columbia on April 14, 2021. Neither party sought a sealing order for the videos upon their submission.

Therefore, because the videos were used in this Court's decision on detention, and they were not subject to a sealing order, the government does not object to their disclosure, including their release for recording, copying, downloading, retransmitting or further broadcasting.

        Respectfully submitted,

        CHANNING D. PHILLIPS
        Acting United States Attorney
        D.C. Bar No. 415793

By:   */s/ Jeffrey S. Nestler*
        JEFFREY S. NESTLER
        D.C. Bar No. 978296
        Ahmed M. Baset
        Troy A. Edwards, Jr.
        Louis Manzo
        Kathryn L. Rakoczy
        Assistant United State Attorneys
        555 4th Street, N.W.
        Washington, D.C. 20530

        */s/ Alexandra Hughes*
        Alexandra Hughes
        Justin Sher

        Trial Attorneys
        National Security Division
        United States Department of Justice
        950 Pennsylvania Avenue, N.W.
        Washington, D.C. 20004