UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 21-cr-28 (APM) |
| ) | |
| KENNETH HARRELSON, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO REVOKE DETENTION ORDER**

Kenneth Harrelson, by and through his counsel, respectfully moves this Honorable Court to revoke the March 15, 2021 detention order issued by Magistrate Judge Kidd. Harrelson further moves this Court for an order granting Mr. Harrelson pretrial release with conditions, including monitoring and any other conditions this Court deems necessary to ensure both Mr. Harrelson will appear for all court proceeding and the safety of the community.

## I.     INTRODUCTION

On March 26, 2021, the United States Court of Appeals for the District of Columbia Circuit issued its opinion in *United States v. Munchel*, 991 F.3d 1273 (DC Cir. 2021). That case involved two defendants who—like Mr. Harrelson—had been charged and detained with regard to the events at the United States Capitol on January 6, 2021. *Munchel* clarified the standards to be used in determining potential conditions of release. Judge Kidd and prior counsel did not have the benefit of the Court's guidance in *Munchel*, nor did they have the information and discovery that has since been made available to current counsel. As is discussed in detail below, under the

1

*Munchel* standards and based on the discovery and information recently provided to the defense, Mr. Harrelson should be released with conditions.[1]

## II. PROCEDURAL BACKGROUND

On March 10, 2021, Kenneth Harrelson was arrested in Florida and taken into custody based on a criminal complaint in the instant case. *See* ECF No. 122 at 1. On March 15, 2021, Mr. Harrelson appeared before Magistrate Judge Embry J. Kidd in the United States District Court for the Middle District of Florida (Orlando Division) for a detention hearing. ECF No. 122 at 7. At that time, he did not have the benefit of any discovery in this matter and had been able to spend very little time with his then-attorney.[2] Following the hearing, he was ordered detained. *Id.*

Mr. Harrelson now files this Emergency Motion to revoke the detention order.

## III. LEGAL STANDARD

Under the Bail Reform Act, "a person [] ordered detained by a magistrate judge . . . may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). The authority to review a release order lies with the District Court. *United States v. Hassanshahi*, 989 F. Supp. 2d 110, 113 (D.D.C. 2013). The District Court reviews a magistrate judge's detention order de novo. *Id.*

The Fifth Amendment's Due Process Clause protects pretrial detainees against the deprivation of life or liberty "without due process of law." *See U.S. v. Cole*, 459 F. Supp. 3d 116, 123 (D.D.C. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)). Further, the American system of criminal justice embraces a strong presumption against detention prior to trial or

---

[1] This motion incorporates by reference the Procedural Background section in Mr. Harrelson's Motion for Reconsideration of Conditions of Release filed on April 5, 2021, ECF No. 143 at 1–2.
[2] Mr. Harrelson subsequently retained present counsel.

2

without trial. *Hassanshahi*, 989 F. Supp. 2d at 113. Thus, determination of whether a defendant should be detained must always begin with a presumption in favor of release: "In our society, liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.'" *U.S. v. Ali*, 793 F. Supp. 2d 386, 387 (D.D.C. 2011).

The Bail Reform Act of 1984[3] "sets forth the limited circumstances in which a defendant may be detained before trial despite the presumption in favor of liberty." *U.S. v. Hanson*, 613 F. Supp. 2d 85, 86 (D.D.C. 2009). Specifically, pretrial detention is permissible only if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Whether the defendant poses a danger to the community is determined by a standard of clear and convincing evidence. *See Ali*, 793 F. Supp. 2d at 387; *see also U.S. v. Ploof*, 851 F.2d 7, 9 (1st Cir. 1988). Only if there is a "strong probability that a person will commit additional crimes if released" does the community interest in safety sufficiently compelling to overcome the criminal defendant's right to liberty. *U.S. v. Chimurenga*, 760 F.2d 400, 403 (2d Cir. 1985) (internal quotations omitted).

IV.     ARGUMENT

To determine if pretrial detention is appropriate, courts consider four statutory factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). Detention is impermissible unless the Government proves that Mr. Harrelson is a

---

[3] Codified at 18 U.S.C. § 3141 *et seq.*

flight risk by the preponderance of the evidence, or proves his dangerousness to any other person or the community by clear and convincing evidence. *United States v. Demmler*, 523 F. Supp. 2d 677, 680 (S.D. Ohio 2007). Because the Government cannot meet this heavy burden, Mr. Harrelson must be released.

> A. **Mr. Harrelson's Detention Order Should Be Revoked Because The Government Has Failed To Establish—Indeed, Has Failed To Present Evidence—That There Is a Serious Risk That Mr. Harrelson Will Obstruct Justice**

The government is entitled to request a detention hearing if it establishes that there is "a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. § 3142(f)(2)(B). However, "the Court will not assume that just because [the defendant] has been charged with witness tampering and obstruction of justice, he is likely to commit these same offenses again during the course of these proceedings. Indulging such an assumption would be tantamount to creating a *per se* rule of detention in cases involving witness tampering and obstruction, which this Court has already declined to do." *United States v. Demmler*, 523 F. Supp. 2d 677, 683 (S.D. Ohio 2007).

Here, the Government has produced *no* evidence that Mr. Harrelson will attempt to obstruct justice, let alone a "serious risk" that he will do so. Since the fact of his obstruction charge is insufficient as a matter of law to justify Mr. Harrelson's continuing detention, this Court cannot refuse to release him on that basis.

> B. **Judge Kidd Held that Mr. Harrelson Posed No Flight Risk, and Nothing Has Changed to Justify Disturbing That Holding**

During Mr. Harrelson's detention hearing, Judge Kidd held that he was not a flight risk. Specifically, Judge Kidd addressed Mr. Harrelson directly and incisively observed: "[there is

not] really any argument that you're a serious risk of flight. You have ties to the community. You don't possess a passport. You haven't travelled outside the United States." ECF 152-1 at 47:4–7. He also observed that Mr. Harrelson "[does not] have significant means with which to flee." *Id.* at 49:19–20. None of these facts has changed. Therefore, this Court has no reason to disturb Judge Kidd's finding that Mr. Harrelson is not a flight risk.

### C. Mr. Harrelson's Continuing Detention Is Unlawful Because the Government Cannot Establish That Mr. Harrelson Is A Threat To An Individual Or The Community

As noted above, pretrial detention violates due process (and the Bail Reform Act) unless the Government proves by clear and convincing evidence that a defendant poses a concrete, prospective threat to public safety. *U.S. v. Salerno*, 481 U.S. 739, 751 (1987); *Munchel*, 991 F.3d at 1282–83.. In assessing whether pretrial detention or release is warranted, the court must may consider: (1) "the nature and circumstances of the offense charged, including whether the offense is a crime of violence"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). Here, each of these factors militates strongly in favor of rescinding Mr. Harrelson's detention order.

Here, again, the government has not presented evidence that Mr. Harrelson poses as a threat to public safety as the court has deemed to be required in *Munchel*.  To further this argument, Mr. Harrelson has not even been charged with a crime of violence to demonstrate a

threat to the community. Rather, there is a single charge of Destruction of Government Property under 18 U.S.C. 1361, 2 where the government asserts Mr. Harrelson broke a window that equals roughly $1,000 in damages.

### 1. The nature and circumstances of the offense charged militate in favor of Mr. Harrelson's release

Until conviction, "the nature [and circumstances] of the offense . . . [are] to be considered only in terms of the likelihood of [the defendant] making himself unavailable for trial." *U.S. v. Edson*, 487 F.2d 370, 372 (1st Cir. 1973). Here, the alleged crimes took place while Mr. Harrelson was participating in the most fundamental of First-Amendment-protected activities. *See, e.g., Carey v. Brown*, 447 U.S. 455, 466–67 (1980) ("[P]ublic protests over . . . important economic, social, and political subjects . . . [are] 'exercise[s] of . . . basic constitutional rights in their most pristine and classic form,' [and have] always rested on the highest rung of the hierarchy of First Amendment values." (citations omitted)). The validity of a presidential election is certainly a political subject of great public significance. The alleged crimes allegedly took place during a protest on that subject. Therefore, the circumstances militate against the finding of any criminal liability, and therefore, militate against continued detention.

The nature of the offenses charged also militate against continued detention. Specifically, Mr. Harrelson has not been charged with any crimes of violence. Accordingly, this factor militates in favor of Mr. Harrelson's release.

### 2. The lack of evidence against Mr. Harrelson militates strongly in favor of his release

Until conviction, "the evidence of guilt[] is to be considered only in terms of the likelihood of [the defendant] making himself unavailable for trial." *Edson*, 487 F.2d at 372.

Here, the evidence produced by the Government reveals that it has nothing to indicate that Mr. Harrelson engaged in any violence at the Capitol. Likewise, the Government has not provided evidence at all that Mr. Harrelson damaged any government property. Indeed, on the evidence thus far produced, reasonable minds could differ as to whether the Government has even established probable cause. The evidence certainly does not establish his guilt by clear and convincing evidence. Accordingly, Mr. Harrelson has no reason to "make himself unavailable" for trial. This factor militates strongly in favor of Mr. Harrelson's release.

### 3. Judge Kidd's finding that Mr. Harrelson's characteristics militate against detention should not be disturbed because none of Mr. Harrelson's characteristics have changed

The court must consider "the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings" 18 U.S.C. § 3142(g).

In the detention hearing, Judge Kidd observed that the great majority of Mr. Harrelson's characteristics militated against detention: he is being prescribed necessary medication, ECF No. 152-1 at 49:14–16; he lacks the financial resources to flee, *id.* at 49:19–20; he has strong community ties and has a wife and family, *id.* at 49:21–22; he has no criminal history, *id.* at 50:4–5; and he has never failed to appear at a court proceeding, *id.* at 50:7–8. None of these characteristics has changed since Judge Kidd made these findings.

Moreover, Mr. Harrelson is a veteran of the United States Army who was honorably discharged in December 2011. As a welder, Mr. Harrelson is a skilled tradesman whose services are in high demand. Accordingly, this factor still militates strongly in favor of release.

7

### 4. Nothing indicates that Mr. Harrelson would pose a danger to either an individual or the community if he is released

Finally, the court must review "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). Judge Kidd based his determination of dangerousness on the Government's allegations "as set forth in the complaint." ECF No. 152-1 at 51:7. Because discovery had not yet commenced, Judge Kidd took at face value the Government's allegations that Mr. Harrelson organized and participated in violence at the Capitol. *See id.* at 51:5–13.

Now that the Government has disclosed its evidence, it is clear that none of the allegations have any factual basis. For example, the Government has no evidence that Mr. Harrelson engaged in any acts of violence while at the Capitol. Indeed, the Government lacks evidence even that Mr. Harrelson caused a scintilla of damage to government property.

Not only can Mr. Harrelson's continued detention not be sustained on the merits, it is also approaching a Due Process violation. In *U.S. v. Melendez-Carrion*, the Second Circuit held that a pretrial detention based solely on the defendant's alleged dangerousness was unconstitutional where such detention lasted longer than eight months. 790 F.2d 984, 1004 (2d Cir. 1986). Here, Mr. Harrelson has been detained since March 15, 2021, and there is no indication that his trial will take place in the next three months. Indeed, there is no indication as to when his trial will take place at all. Since Mr. Harrelson is not a flight risk, this Court should release him with appropriate conditions. *Id.* ed in December 2011. As a welder, Mr. Harrelson is a skilled tradesman whose services are in high demand. Accordingly, this factor still militates strongly in favor of release.

### 5. All the Bail Reform Act factors militate in favor of release

8

Each of the Bail Reform Act's four statutory factors militates in favor of Mr. Harrelson's release. Accordingly, this Court should revoke his detention order and release him with appropriate conditions.

### D. Mr. Harrelson Should Be Released As a Matter of Horizontal Equity Because the Court Has Been Revoking Detention Orders for Defendants Who Are Facing Far More Serious or Numerous Charges

Mr. Harrelson incorporates by reference portions of the defendant's Motion for Release from Custody in *United States v. Foy*, 1:22-CR-108 (TSC), ECF No. 22, at __. in support for his pretrial release as the government cannot continue to hold Mr. Harrelson detained and not violate due process when defendants in other cases whom are charge with serious and more egregious crimes have been allowed bond. In his brief, Mr. Foy cited several cases in which other January 6 defendants, who were charged with serious crimes of violence, where released from detention with conditions. Mr. Foy argued that, as a matter of horizontal equity, he should be released as well. Specifically, Mr. Foy asked the court to review the matters of *United States v. Richard Barnett*, 1:21-CR-38 (CRC); *United States v. Robert Sanford*, 1:21-CR-52 (ZMF); and *United States v. David Alan Blair*, 1:21-CR-86 (CRC).  Upon review, the Honorable Judge Tanya Chutkan granted Mr. Foy's release into home confinement.

Here. Mr. Harrelson's charges are no more serious than those with Mr. Foy was charged. Accordingly, as a matter of horizontal equity, this Court should revoke Mr. Harrelson's detention order and grant him release.

### V. CONCLUSION

For the forgoing reasons, Mr. Harrelson respectfully requests this Honorable Court to release him from pretrial detention.

9

Date: August 17, 2021                          Respectfully Submitted,

                                         /s/ John M. Pierce

John M. Pierce (*PHV Admitted*)
355 S. Grand Avenue, 44th Floor
Los Angeles, CA 90071
Tel: (213) 400-0725
Email: jpierce@piercebainbridge.com

*Attorney for Defendant Kenneth Harrelson*

## CERTIFICATE OF SERVICE

I, John M. Pierce, hereby certify that on this day, August 17, 2021, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

                                                  /s/ John M. Pierce
                                                  John M. Pierce