UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 21-cr-28 (APM) |
| ) | |
| KENNETH HARRELSON, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S REPLY TO GOVERMENTS OPPOSITION TO DEFENDANT'S MOTION TO REVOKE DETENTION ORDER

Mr. Harrelson, by and through his counsel, tenders this Reply to the Government's Opposition to Defendant's Motion to Revoke Detention Order.[1] Mr. Harrelson brought his Motion to Revoke Detention Order (ECF No. 341) (the Motion) pursuant to 18 U.S.C. § 3145(b). *Id.* at 2. In its opposition, the Government attempts to recharacterize Mr. Harrelson's Motion for Release (the Motion) as a "[motion] to reopen the detention hearing, pursuant to 18 U.S.C. § 3142(f)." ECF No. 345 at 1. Its purported justification for this attempt at legal alchemy is that Mr. Harrelson's prior motion to revoke the detention order was denied. ECF No. 345 at 1. However, the Government cites to no authority supporting its argument, and the weight of authority firmly establishes that Mr. Harrelson's Motion is a proper motion to revoke a detention order pursuant to Section 3145(b).

In relevant part, Section 3145 provides:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

---

[1] Throughout its Opposition, the Government misidentifies the Motion as a "Motion for Release." ECF No. 345 at 1.

1

18 U.S.C. § 3145(b). Nothing in the statutory text states—nor even implies—that denial of a motion for revocation is with prejudice to the filing of a subsequent motion for revocation. *See*, *e.g.*, *U.S. v. Farmer*, No. 04-30139-WDS, 2006 WL 2375010, at *1 (S.D. Ill. Aug. 14, 2006) ("This matter is before the Court on defendant's second motion for reconsideration of his Order of detention [], pursuant to 18 U.S.C. § 3145(b) of the Bail Reform Act. The Court previously reviewed defendant's first motion (Doc. 179) and denied it (Doc. 294). The Court held a hearing and took the matter under advisement.") If Congress wanted to limit a defendant to a single motion for revocation, it certainly knows how to draft the statute accordingly. Likewise, if Congress wanted to limit the grounds on which a defendant could bring additional revocation motions, it clearly knows how to do so. *See*, *.e.g.*, 18 U.S.C. § 3142(f)(2)(B) ("The hearing may be reopened . . . if the judicial officer finds that information exists that was not known to the movant at the time of the hearing . . . ."). However, with respect to section 3145(b) Congress did neither. Therefore, this Court should decline the Government's invitation to legislate from the bench.

Even assuming, without conceding, that the Government's characterization is correct, Mr. Harrelson's Motion is proper. "The reopening of a detention determination may be requested in order for the judicial office[r] to consider additional evidence, provided that (1) the evidence was not previously available[;] and (2) the evidence suggested is relevant to the determination of defendant's risk of flight or danger to the community." *U.S. v. Alonso*, 832 F. Supp. 503, 505 (D.P.R. 1993) (citing *U.S. v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991)).

Here, Mr. Harrelson's Motion is based on the discovery produced by the Government. Specifically, the fact that the discovery establishes that the Government's representations at the prior hearings regarding the alleged threat that Mr. Harrelson poses to the community do not, in

fact, bear out. This evidence is clearly "relevant to the determination of" Mr. Harrelson's "danger to the community." Since this evidence was also not available at either Mr. Harrelson's detention hearing or the hearing on his prior motion to revoke detention, it is proper for this Court to reopen the detention determination.

Furthermore, Mr. Harrelson's Motion is also based on the Court's release from pretrial detention of similarly situated defendants. ECF No. 341 at 9. To the extent that these decisions establish that there do exist conditions on which Mr. Harrelson could be released that will "reasonably assure the safety of any other person and the community," such decisions are "new information" on which the hearing can be reopened. 18 U.S.C. § 3142(f)(2)(B).

For the foregoing reasons, Mr. Harrelson's Motion is proper. Tthis Court should grant Mr. Harrelson's motion and release him with conditions.

Date: August 20, 2021                                         Respectfully Submitted,

*[signature: John M. Pierce]*

John M. Pierce (*PHV Admitted*)
355 S. Grand Avenue, 44th Floor
Los Angeles, CA 90071
Tel: (213) 400-0725
Email: jpierce@piercebainbridge.com

*Attorney for Defendant Kenneth Harrelson*

3

## **CERTIFICATE OF SERVICE**

    I, John M. Pierce, hereby certify that on this day, August 19, 2021, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

                                            /s/ John M. Pierce
                                            John M. Pierce