UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : No. 21-CR-28-10 (APM) | |
| KENNETH HARRELSON, : | |
| : | |
| Defendant. : | |

### NOTICE REGARDING DEFENSE COUNSEL JOHN PIERCE, ESQ.

The United States submits this pleading to inform the Court regarding the current status of defense counsel John Pierce, Esq., and its potential impact on the defendant's case. Mr. Pierce currently represents 17 defendants charged in connection with the January 6, 2021, riot at the United States Capitol (Capitol Riot), including Kenneth Harrelson, who has been charged in this case.[1] Sadly, Mr. Pierce is reportedly ill with COVID-19, on a ventilator, and unresponsive. For roughly the past week, Ryan Marshall—an associate from Mr. Pierce's law firm who is not a licensed attorney[2]—has been appearing in Mr. Pierce's place at court hearings and meetings with

---

[1] Mr. Pierce represents: Kenneth Harrelson in Case No. 21-cr-28 (APM); William Pepe in Case No. 21-cr-52 (TJK); Nathanial DeGrave in Case No. 21-cr-90 (PLF); Peter Schwartz in Case No. 21-cr-178 (APM); Leo Bozell IV in Case No. 21-cr-216 (JDB); Christopher Worrell in Case No. 21-cr-292 (RCL); Jeremiah Caplinger in Case No. 21-cr-342 (PLF); Paul Rae, Kevin Tuck, and Nathanial Tuck in Case No. 21-cr-378 (TJK); James McGrew in Case No. 21-cr-398 (BAH); David Lesperance in Case No. 21-cr-439 (EGS); Casey Cusick in Case No. 21-cr-440 (CJN); James Cusick, Jr. in Case No. 21-cr-441 (RDM); Stephanie Baez in Case No. 21-cr-507 (PLF); Victoria White in Case No. 21-mj-356 (ZMF); and Deborah Lee in Case No. 21-mj-554 (ZMF). At an August 25, 2021, hearing before the Honorable Amit P. Mehta in *United States v. Shane Jenkins*, No. 21-cr-245 (APM), Ryan Marshall, an associate at Mr. Pierce's firm, stated that Mr. Pierce now also represents Jenkins, but that a notice of appearance had not yet been filed.

[2] It is unclear if and when Mr. Marshall will be able to obtain a bar license, given that Mr. Marshall currently faces felony criminal charges in two cases in the Court of Common Pleas of Fayette County, Pennsylvania: No. CP-26-CR-859-2021 (multiple counts of intercepting

the government. Because Mr. Pierce is unavailable and Mr. Marshall cannot ethically or legally represent Mr. Pierce's clients, the government is making the Court aware of Mr. Pierce's reported illness so that it can take any steps it believes necessary to ensure the defendant's rights are adequately protected while Mr. Pierce remains hospitalized.

The U.S. Attorney's Office has had no contact with Mr. Pierce—by phone, e-mail, or otherwise—since Monday, August 23, 2021, when he appeared for a hearing before the Honorable Paul L. Friedman in *United States v. Jeremiah Caplinger*, No. 21-cr-342 (PLF). Since that time, the U.S. Attorney's Office has heard conflicting information about Mr. Pierce's health and whereabouts. The morning of Tuesday, August 24, Mr. Pierce was scheduled to appear before Judge Friedman for a status hearing in *United States v. Nathaniel DeGrave*, No. 21-cr-90. Mr. Pierce was not present at the hearing. Instead, Ryan Marshall—an associate from Mr. Pierce's law firm who is not a licensed attorney—appeared in Mr. Pierce's place and represented to the court that Mr. Pierce's absence was due to a conflict. A few hours later, Mr. Marshall attended a reverse-proffer session with the undersigned Assistant U.S. Attorney, stating that he had just gotten word that Mr. Pierce had been in an accident and was on his way to the hospital. Mr. Marshall then proceeded with the reverse-proffer session in Mr. Pierce's absence.

The next morning, August 25, Mr. Marshall again appeared in Mr. Pierce's place at a hearing before the Honorable Amit P. Mehta in *United States v. Shane Jenkins*, No. 21-cr-245. At that hearing, Mr. Marshall represented to the court that Mr. Pierce was hospitalized with COVID-

---

communications and unlawful use of an audio device in court), and No. CP-26-CR-851-2021 (multiple conspiracy and theft-related counts). According to public reports, the latter case involves charges arising from Mr. Marshall's alleged participation in a conspiracy to commit fraud while clerking for a judge on the Pennsylvania Court of Common Pleas. *See, e.g.*, https://triblive.com/local/regional/fayette-co-court-assistant-law-clerk-accused-of-defrauding-widow-late-husband/.

19, on a ventilator, and non-responsive. After that information was reported publicly, a different individual reached out to an NPR correspondent and wrote that Mr. Pierce did not, in fact, have COVID, but instead "was hospitalized on Monday due to symptoms that he believed might be related to Covid-19"; "appears to have been suffering from dehydration and exhaustion"; and "remains under the care of his doctors[.]"[3] On Thursday, August 26, Mr. Marshall again appeared before Judge Mehta in Mr. Pierce's stead, this time in *United States v. Peter Schwartz*, No. 21-cr-178. Before that hearing, Mr. Marshall told the Assistant U.S. Attorney that he had not had any direct contact with Mr. Pierce, but that one of Mr. Pierce's friends had told him that Mr. Pierce was sick with COVID-19 and another had said he was not. During the hearing, Mr. Marshall requested, and was granted, a sealed bench conference at which to discuss Mr. Pierce's condition. Later that evening, the same NPR correspondent reported that "[o]ne source close to attorney John Pierce tells me that [Mr.] Pierce is currently hospitalized, and has been diagnosed with COVID-19, but firmly denied that he was ever placed on a ventilator."[4] Adding to the confusion, Mr. Pierce, who generally posts multiple messages to Twitter on a daily basis, has not tweeted since August 20.[5] And there are reports that "multiple phone numbers for Pierce's law firm, Pierce Bainbridge P.C., have been disconnected."[6]

---

[3] https://twitter.com/TomDreisbach/status/1430743209810952198

[4] https://twitter.com/TomDreisbach/status/1431064562875318275

[5] https://twitter.com/CaliKidJMP

[6] https://www.insider.com/john-pierce-lawyer-capitol-rioters-kyle-rittenhouse-hospitalized-2021-8. According to the NPR correspondent, "[i]t is difficult to get and verify information regarding [Mr.] Pierce at the moment. The phone number listed for his law firm appears to be disconnected, and his cell phone has been going straight to voicemail. And I also have not gotten responses to follow-up Qs to his colleagues." https://twitter.com/TomDreisbach/status/ 1431065159645028355.

The United States thus finds itself in a position where this defendant and 16 other defendants charged in connection with the Capitol Riot appear to be effectively without counsel. Unfortunately, it seems that Mr. Pierce may be hospitalized and unable to communicate, and it is unclear when Mr. Pierce will recover. Although Mr. Marshall has now appeared several times in Mr. Pierce's place, he is not a licensed attorney and thus cannot appear in this Court, represent Mr. Pierce's clients, or provide them with legal advice or services. *See* D.C. Court of Appeals Rule 49 (Unauthorized Practice of Law); D.D.C. LCrR 57.21(a) (limiting membership of the Bar of this Court to attorneys who are active members in good standing of a state Bar). Indeed, it appears that Mr. Pierce's absence has already caused Mr. Marshall to take actions on behalf of Mr. Pierce's clients that he is not permitted to do, including appearing for a defendant who agreed to exclude time under the Speedy Trial Act during a hearing in *United States v. Nathaniel DeGrave*, No. 21-cr-90 (PLF).

From the government's perspective, given Mr. Pierce's reported illness and the fact that Mr. Marshall is not a licensed attorney, this case is effectively at a standstill. Although Mr. Marshall has been the government's main or sole point of contact for many of the defendants represented by Mr. Pierce, the government does not believe it appropriate to continue to communicate with him in Mr. Pierce's absence, during which he would necessarily be acting without supervision by a licensed attorney. *See* D.C. Rule of Professional Conduct 5.5, Comment 2 (allowing a lawyer to "employ[ ] the services of paraprofessionals and delegate[e] functions to them, so long as the lawyer supervises the delegated work and retains responsibility for their work"). Additionally, the defendant is effectively without an attorney, as Mr. Pierce currently cannot be contacted and Mr. Marshall cannot provide legal advice or services.

Hopefully, Mr. Pierce will soon regain his health and be able to continue his representation of the defendant. The government did, however, want to make the Court aware of Mr. Pierce's reported illness and its impact on the case so that the Court can take any steps it believes necessary to ensure that the defendant's rights are adequately protected while Mr. Pierce remains hospitalized.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

By: _____
JEFFREY S. NESTLER
D.C. Bar No. 978296
Ahmed M. Baset
Troy A. Edwards, Jr.
Louis Manzo
Kathryn L. Rakoczy
Assistant United State Attorneys
555 4th Street, N.W.
Washington, D.C. 20530

*/s/ Alexandra Hughes*
Alexandra Hughes
Justin Sher
Trial Attorneys
National Security Division
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

5