## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 21-28-10 (APM) |
| ) | |
| KENNETH HARRELSON, ) | |
| ) | |
| Defendant. ) | |

### ORDER

The court has considered Defendant Kenneth Harrelson's Motion to Revoke Detention Order, ECF No. 341 [hereinafter Def.'s Mot.], and the Motion is denied.

Defendant asks the court to review the detention order issued by Magistrate Judge Embry Kidd of the Middle District of Florida pursuant to 18 U.S.C. § 3145(b). *See id.* at 1. But the court already reviewed Judge Kidd's detention order de novo pursuant to section 3145(b), *see* Hr'g Tr., ECF No. 167 [hereinafter Hr'g Tr.], and determined that the factors set forth in 18 U.S.C. § 3142(g), including the applicable rebuttal presumption, *see* Hr'g Tr. at 69, warranted his detention, *see id.* at 68–85. Defendant suggests that section 3145 permits successive motions for such review, *see* Def.'s Reply to Gov't's Opp'n to Def.'s Mot. to Revoke Detention Order, ECF No. 354, but section 3145(b) speaks in terms of "*a motion* for revocation or amendment" of a magistrate judge's detention order and does not contemplate serial reviews, as Defendant seems to suggest is possible. 18 U.S.C. § 3145(b) (emphasis added). Also, it would make little sense for this court to review Judge Kidd's order a second time when it did so the first time de novo. The operative decision for review is this court's detention decision, not that of the magistrate judge.

In any event, Defendant offers no compelling reason for the court to reconsider its decision to detain Defendant. Defendant cites the fact that the D.C. Circuit issued *United States v. Munchel*, 991 F.3d 1273 (D.C. Cir. 2021), after Judge Kidd's decision, and he contends that neither Judge Kidd nor Defendant's prior counsel had the benefit of *Munchel*. Def.'s Mot. at 1. But this court did have the benefit of *Munchel* when it reviewed Judge Kidd's detention order and applied that precedent to the evidence presented. *See* Hr'g Tr. at 74–75. *Munchel* therefore supplies no reason to grant relief.

Nor does Defendant address any of the evidence the court considered at the prior detention hearing. Instead, he merely makes assertions about the lack of evidence that he engaged in violent acts or directly destroyed property. *See* Def.'s Mot. at 8. But, of course, this court was aware of the absence of such proof, and yet detained Defendant anyways because the totality of the evidence established his dangerousness. The evidence included, among other things, his leadership position with the Oath Keepers both before and on January 6; his coordination with others in bringing weapons just outside the District of Columbia to support a "quick reaction force"; his forceful entry into the Capitol building as part of a larger group moving in a "stack" formation; his movements within the Capitol building with co-Defendant Kelly Meggs that suggest a search for House Speaker Nancy Pelosi; his deletion of evidence from his cell phone; his seemingly false and misleading statements about his disavowal of the Oath Keepers after January 6; his possession of items at the time of his arrest that suggest he had prepared to live off the grid; and his potentially false statements at his detention hearing. *See* Hr'g Tr. at 72–83. Defendant's present motion addresses none of this evidence.

Defendant further suggests that his continued detention violates his right to Due Process. *See* Def.'s Mot. at 8. But given the seriousness of the conduct alleged and the complexity of the

case, the possible duration of Defendant's pretrial detention at this point does not rise to a due process violation. *See United States v. Ali*, 459 F. App'x 2, 3 (D.C. Cir. 2012) (citing *United States v. Salerno*, 481 U.S. 739, 747 n.4 (1987)).

Finally, Defendant maintains that he is being treated more harshly than other January 6 defendants that have been released. *See* Def.'s Mot. at 9. This court, however, expressly considered the detention determinations of others indicted in this case when it decided to detain Defendant. *See* Hr'g Tr. at 83–85. Defendant also cites as a comparator a January 6 defendant not charged in this case, Michael Foy, who was ordered released, and contends that "as a matter of horizontal equity" Defendant should be released as well. Def.'s Mot. at 9. It is true that Defendant here is not accused of assaulting a police officer with a dangerous weapon, unlike Mr. Foy, who is charged with assaulting a police officer with a hockey stick. *See United States v. Foy*, No. 22-cr-108 (TSC) (D.D.C.), Mem. Op., ECF No. 44, at 7–8. But a host of factors are present that warrant detention here that were not present in Mr. Foy's case. The court summarized that evidence above, including most notably evidence that Defendant appeared to have searched for the Speaker of the House on January 6, brought weapons to the area and was prepared to use them, and appeared to have made false and misleading statements about his continued affiliation with the Oath Keepers after January 6 and about himself under oath during his hearing before Judge Kidd. Defendant's conduct presents factors that support dangerousness and the inadequacy of strict conditions of release to overcome that dangerousness that were not present in Mr. Foy's case.

For the foregoing reasons, Defendant's Motion to Revoke Detention Order is denied.

Dated: September 17, 2021

Amit P. Mehta
United States District Court Judge