IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.   1:21-cr-28-10 (APM) |
| | ) | |
| KENNETH HARRELSON, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SURREPLY TO DEFENDANT'S REPLY
IN SUPPORT OF THIRD MOTION FOR RELEASE**

Defendant Kenneth Harrelson's third motion for release should be denied. The discovery provided by the government on December 1, 2021, regarding information provided by Person Ten, does not address the evidence previously submitted to this Court that Defendant Harrelson was a leader of the group of codefendants from Florida in this case who breached the Capitol on January 6, 2021, contributed a weapon to the quick reaction force that supported these efforts, forcibly entered the Capitol and obstructed Congress's Joint Session, and then deleted evidence of these crimes from his phone. Accordingly, the defendant's pretrial detention remains necessary and appropriate in this case.

Defendant Harrelson appended to his reply brief, at ECF 534, two interview memoranda from FBI interviews of Person Ten. The government submits this surreply to explain why Person Ten's statements about lack of pre-planning (a) do not constitute "new" information, because they are cumulative of other previously disclosed statements made by other Oath Keeper leaders, (b) lack credibility, and (c) even if taken as true, elevate Kelly Meggs and Kenneth Harrelson to a higher position of leadership and responsibility within this conspiracy. Person Ten's statements should not affect Defendant Harrelson's motion for release.

### A. The Government Already Disclosed Person One's and Kelly Meggs's Statements Disclaiming Pre-planning

Person One was Person Ten's superior in the Oath Keepers organization. The original indictment, filed on January 27, 2021, disclosed that Person One was the leader of the Oath Keepers. ECF 4 at ¶ 12. On May 25, 2021, the government disclosed an interview memorandum from a May 3, 2021, FBI interview of Person One[1] and specifically flagged this memorandum, and in the government's accompanying letter, "encouraged" the defense to review it because, in it, Person One "discussed his group's plans and intentions with respect to January 6." The memorandum, which is only three pages long, clearly states Person One's claim that he "did not have a specific plan for Oath Keepers to enter the Capitol on January 6." The memorandum also recites that Person One said that he "accepts blame for appointing Kelly Meggs to a leadership position not knowing Meggs would make a bad decision like entering the Capitol."

As early as March 10, 2021, the government had provided discovery of communications among the defendants and others that showed that Person One had named Person Ten the leader of his group's operations in Washington, D.C., on January 6, 2021. Then, in the transcript of the same Person One interview referenced above, the government disclosed Person One's assertions that he and Person Ten "were cut out" of planning between individuals like Kelly Meggs and his coconspirators. (5/3/21 Interview Tr. at 20.) In other words, Person One's disclosed statements alerted the defense, as early as May 2021, to the possibility that both Person One and Person Ten were claiming to be unaware of any advanced planning to attack the Capitol.

In addition, on March 10, 2021, the government disclosed a transcript of the FBI's custodial interview of co-defendant Kelly Meggs, in which Meggs denied that there were any discussions

---

[1] On July 1, 2021, the government disclosed a transcript of this interview.

on any calls about any plans for Meggs or the group to enter the Capitol on January 6.  (2/17/21 Interview Tr. at 53.)

### B. Person Ten's Statements Are Lacking in Credibility

Person Ten, as an uncharged individual who was aware that others have already been charged, had a motive to downplay or disregard both his own involvement and any preplanning efforts.  And documentary evidence contradicts Person Ten's blanket denials.  For instance, on October 8, 2021, the government disclosed a Signal chat thread named "Jan 5/6 DC Op Intel team," which included Person One, Person Ten, codefendant Joshua James, and about seven other individuals.  On the Signal thread, shortly before 2:00 p.m. on January 6, a participant posted a video titled "live stream of patriots storming capital."  Another participant asked, "Are they actually Patriots - not those who were going to go in disguise as Patriots and cause trouble[?]"  Person Ten authoritatively answered, "[T]here [sic] patriots."  Person One added, "Actual Patriots.  Pissed off patriots[.]  Like the Sons of Liberty were pissed off patriots[.]"  Codefendant Joshua James followed with, "Were coming to Capitol ETA 30 MIN[.]"

The Sixth Superseding indictment alleges that at 2:14 p.m. on January 6, Person Ten informed the "DC OP: Jan 6 21" Signal chat that "The[y] have taken ground at the capital," and, "We need to regroup any members who are not on mission[.]"  ECF 513 ¶ 125.  At 3:05 p.m.—twenty minutes after Defendant Harrelson and other codefendants breached the Capitol, and ten minutes before Defendant James and his second wave of coconspirators breached the same doors—Person Ten also messaged another individual, "Were [sic] storming the capital."

### C. Person Ten's Statements Should Not Affect Defendant Harrelson's Release Motion.

Even if all of Person Ten's statements in the interview memoranda are taken as true, they do not speak to Defendant Harrelson's intent and actions before, on, and after January 6, 2021.

3

Person Ten says nothing to refute that Defendant Harrelson was the "ground team" leader for these defendants on January 6, 2021, Gov't Response to Harrelson Bond Motion (ECF 152) at 9, that he organized and administered a number of the key planning meetings and chats in advance of the "op," *id.* at 7-8, and that he was an active participant in the chats where coconspirators discussed plans for January 6, 2021 that involved entering the Capitol grounds and frightening members of Congress.  Notably, as detailed in the government's opposition, Harrelson was an active participant in the "OKFL Hangout" chat in which Kelly Meggs and Person One made statements about the need to "to make those senators very uncomfortable with all of us being a few hundred feet away" and "scare the shit out of [Congress] and convince them it will be torches and pitchforks time is [sic] they don't do the right thing," Gov't Response to Harrelson Third Bond Motion (ECF 499) at 5.  In that same chat, a few messages later, Person One told his followers, "And [President Trump] needs to know that if he fails to act, then we will.  He needs to understand that we will have no choice."

The best evidence of the defendants' intent in entering the Capitol is their own words, in real time.  At 6:13 p.m. on January 6, 2021, about three hours after he exited the Capitol, Kelly Meggs (as "OK Gator 1") posted the following screenshotted message to the "Vetted OK FL Hangout" Signal chat, of which Defendant Harrelson was also a member:



The video appears to be the same as the one recovered from Defendant Harrelson's phone under the file name "IMG_1399" (a copy of which was provided to the Court as an exhibit to ECF 152)—a video which does not show, contrary to the defense's claims, Defendant Harrelson and his codefendants helping officers or "being carried over the threshold into the Capitol," ECF 532 at 15. In fact, the video shows Defendant Harrelson and a number of his codefendants joining the mob that forced entry into the Capitol, while former codefendant Jason Dolan shouts, "Treason!" Kelly Meggs posted this video of the group's violent entry into the Capitol with the caption "Florida OK takes the Capitol." There is no indication that the Florida Oath Keepers were *saving* the Capitol or *helping* officers; they were *taking* the Capitol, occupying the seat of democracy in this country to obstruct and impede the official proceeding occurring inside. Nothing said by Person Ten refutes that Defendant Harrelson was one of the leaders of this group that day.

Defendant Harrelson's actions afterward speak for themselves. The government obtained the above screenshot after it filed its opposition to the instant motion, arguably in part because of Defendant Harrelson's efforts to conceal it. Although Defendant Harrelson was a participant in this Signal chat, the government did not locate a copy of this message or even the "Vetted OK FL

5

Hangout" Signal chat itself on Defendant Harrelson's phone, which the government submits is further evidence of his destruction of evidence after the attack on the Capitol.

In sum, Person Ten's statements do not exculpate the defendant, and they do not justify his release.[2]

## CONCLUSION

WHEREFORE, the United States respectfully requests that Defendant Harrelson's third motion for release be denied.

                         Respectfully submitted,

                         MATTHEW M. GRAVES
                         UNITED STATES ATTORNEY
                         D.C. Bar No. 481052

By:    Kathryn L. Rakoczy
        Assistant United States Attorney
        D.C. Bar No. 994559
        Ahmed M. Baset
        Troy A. Edwards, Jr.
        Jeffrey S. Nestler
        Assistant United States Attorneys
        Louis Manzo
        Special Assistant United States Attorney
        U.S. Attorney's Office for the District of Columbia
        555 4th Street, N.W.
        Washington, D.C. 20530

        */s/ Alexandra Hughes*
        Alexandra Hughes
        Justin Sher
        Trial Attorneys
        National Security Division

---

[2] In his reply, Defendant Harrelson also made an outlandish accusation that a "would-be witness was charged in order to obstruct the truth finding process by preventing him from testifying." ECF No. 532 at 2. We do not know to whom Defendant Harrelson is referring. Regardless, that is false. The government has not charged any individuals in order to prevent them from testifying on other defendants' behalf.

United States Department of Justice
950 Pennsylvania Avenue
NW Washington, D.C. 20004